# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 14-2540

HECTOR ORTIZ-VALLES, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued August 27, 2015                    Decided May 20, 2016)

*Barbara J. Cook,* of Cincinnati, Ohio, with whom *Michael S. Just,* of Providence, Rhode Island, was on the brief, for the appellant.

*Meghan C. Kral,* of Washington, D.C., with whom *Leigh A. Bradley,* General Counsel; *Mary Ann Flynn*, Assistant General Counsel; *James B. Cowden*, Deputy Assistant General Counsel; and *Tracy K. Alsup*, Appellate Attorney, all of Washington, D.C., were on the brief, for the appellee.

Before HAGEL, *Chief Judge*, and SCHOELEN and GREENBERG, *Judges*.

HAGEL, *Chief Judge*: Hector Ortiz-Valles appeals through counsel a June 26, 2014, Board of Veterans' Appeals (Board) decision that denied entitlement to a total disability rating based on individual unemployability. Mr. Ortiz-Valles's Notice of Appeal was timely, and the Court has jurisdiction to review the Board decision pursuant to 38 U.S.C. § 7252(a). This matter was referred to a panel of the Court to address whether the plain language of 38 C.F.R. § 4.16(a) permits VA to limit consideration of "marginal employment" to only those veterans who are currently employed. The Court held oral argument on August 27, 2015. Because the plain meaning of § 4.16(a) does not limit consideration of marginal employment only to currently employed veterans, the Court will vacate the June 2014 Board decision and remand the matter for readjudication consistent with this decision.

**I. FACTS**

Mr. Ortiz-Valles served on active duty in the U.S. Army from December 1990 to July 1991. Service medical records reflect that he was treated for a kidney stone.

In December 1998, the Social Security Administration awarded Mr. Ortiz-Valles disability benefits as a result of "severe major depression" and found that he could no longer "perform his past relevant work as a bank teller." Record (R.) at 1144. The Social Security Administration also found that Mr. Ortiz-Valles had not "engaged in substantially gainful activity since June 2, 1997." R. at 1141.

In April 2009, Mr. Ortiz-Valles sought from VA a total disability rating based on individual unemployability. At that time, he was in receipt of VA disability benefits for (1) nephrolithiasis,[1] rated 30% disabling; (2) lumbar myositis and absence of S1 vertebra deep tendon reflex, rated 40% disabling; (3) vertigo, rated 30% disabling; and (4) left side radiculopathy secondary to lumbar myositis, rated 10% disabling. He had a combined disability rating of 70%.

In June 2009, a VA regional office denied Mr. Ortiz-Valles's request for a total disability rating based on individual unemployability. Mr. Ortiz-Valles filed a Notice of Disagreement with that decision and ultimately appealed to the Board.

In August 2011, Mr. Ortiz-Valles testified at a Board hearing that he "cannot remain seated or standing or bend over because of the vertigo." R. at 705.

In May 2012, the Board issued a decision remanding the issue of entitlement to a total disability rating based on individual unemployability for further development, to include obtaining examinations to determine "whether [Mr. Ortiz-Valles's] service-connected disabilities, either individually or cumulatively, render him unable to obtain and maintain substantially gainful employment." R. at 695.

That same month, Mr. Ortiz-Valles underwent the requested examinations. The VA spine examiner, Dr. Nannette Pares-Iturrino, noted that Mr. Ortiz-Valles's back pain was "[i]ncreased by prolonged sitting, standing[,] or walking, [and] negotiation of stairs, [but was] relieved by medications and resting." R. at 515. She opined that

---

[1] Nephrolithiasis is "the formation of renal calculi." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1241 (32d ed. 2012).

2

[Mr. Ortiz-Valles] is able to perform a sedentary type job with duty restrictions, such as avoidance of prolonged standing activities; avoidance of lifting, pulling[,] or carrying heavy objects; and . . . integrat[ion of] 5[-]min[ute] break periods . . . to stretch [his] legs while working from a sitting position. Therefore, [Mr. Ortiz-Valles] is able to obtain and secure a financially rewarding job, at least in a part-time fashion.

R. at 526.

A different VA examiner, Dr. Claudia Lorenzo-Perez, evaluated Mr. Ortiz-Valles's vertigo and nephrolithiasis. Dr. Lorenzo-Perez opined that Mr. Ortiz-Valles's vertigo would limit "him for labor related with heavy machine[s] or driving[,] but would not limit his ability to work in a semi-sedentary [job] or light duties like recep[t]ionist[ or] clerk, if he choose[s]." R. at 538. She also determined that Mr. Ortiz-Valles suffered "no functional impairment attributable to" nephrolithiasis R. at 547.

In June 2014, the Board issued the decision on appeal. The Board found that "the evidence of record does not show that [Mr. Ortiz-Valles] is unable to secure or follow a substantially gainful occupation consistent with his work experience solely due to his service-connected disabilities." R. at 12. This appeal followed.

## II. PARTIES' ARGUMENTS

Mr. Ortiz-Valles argues that the Board failed to consider whether he is capable only of marginal employment. He asserts that the Board was required to "explain how [his] capacity for only part-time sedentary employment with work restrictions would not preclude him from working in a 'substantially gainful' capacity." Appellant's Brief (Br.) at 7. Further, he asserts that, because entitlement to a total disability rating based on individual unemployability is premised on whether a veteran is *capable* of securing or following a substantially gainful occupation, VA must consider whether he is capable of more than marginal employment. He contends that the fact that a veteran is unemployed is an extraneous factor that should not preclude a finding that the veteran is unable to engage in more than marginal employment.[2]

---

[2] In his brief, Mr. Ortiz-Valles argued that the Board failed to ensure substantial compliance with its May 2012 remand order. Appellant's Br. at 8-10. On August 28, 2015, Mr. Ortiz-Valles withdrew that argument. *See* Appellant's Notice at 1. (Aug. 28, 2015). Therefore, the Court will not consider this issue further.

At oral argument, Mr. Ortiz-Valles maintained that VA has not set forth any standards to define what constitutes substantially gainful employment and argued that the Court should establish such a definition based on some authoritative source.

The Secretary argues that the plain language of 38 C.F.R. § 4.16(a) makes clear that "consideration of 'marginal employment' is required only where the evidence indicates that a veteran currently has 'employment.'" Secretary's Br. at 6. According to the Secretary, because Mr. Ortiz-Valles is not currently employed, the Board did not have a duty to consider whether he was capable of only marginal employment.

At oral argument, the Secretary reiterated these arguments and explained that VA's assessment of whether a veteran is entitled to a total disability rating based on individual unemployability requires an initial capability analysis. The Secretary explained that only after it is determined that a veteran is capable or incapable of substantially gainful employment is a veteran's income considered.

### III. ANALYSIS

#### A. Plain Meaning

Determining a statute's or regulation's plain meaning requires examining the specific language at issue and the overall structure of the statute or regulation. *Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) (citing *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 403-05 (1988)), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994). "Where a statute's language is plain, and its meaning clear, no room exists for construction. There is nothing to construe." *Id.* at 587-88. "In the absence of an express definition, words are given their ordinary meaning." *Prokarym v. McDonald*, 27 Vet.App. 307, 310 (2015) (citing *Terry v. Principi,* 340 F.3d 1378, 1382-83 (Fed. Cir. 2003)). The canons of statutory construction apply with similar force to agency regulations and require interpretation of words in their context with an eye to the law as a whole. *See King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991) (holding that, when interpreting a statute, courts must read the provisions of the law as a whole and in context); *Smith v. Brown*, 35 F.3d 1516, 1523 (Fed. Cir. 1994) ("The canons of construction of course apply equally to any legal text and not merely to statutes.").

4

Here, the Court must review the plain language of 38 C.F.R. §4.16(a) to decide whether the Board's obligation to consider "marginal employment" only arises if a veteran is actually employed. Section 4.16(a) states:

> Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the [veteran] is, in the judgment of the rating agency, *unable to secure or follow a substantially gainful occupation* as a result of service-connected disabilities [and meets certain percentage requirements] . . . . It is provided further that the existence or degree of nonservice-connected disabilities or previous unemployability status will be disregarded where the percentages referred to in this paragraph for the service-connected disability or disabilities are met and in the judgment of the rating agency such service-connected disabilities render the veteran unemployable. *Marginal employment shall not be considered substantially gainful employment.* For purposes of this section, marginal employment generally shall be deemed to exist when a veteran's earned annual income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Marginal employment may also be held to exist, on a facts found basis (includes but is not limited to employment in a protected environment such as a family business or sheltered workshop), when earned annual income exceeds the poverty threshold. Consideration shall be given in all claims to the nature of the employment and the reason for termination.

38 C.F.R. § 4.16(a) (2015) (emphases added).[3]

The Secretary asserts that the plain language of § 4.16(a) makes clear that consideration of marginal employment is only required when the evidence reflects that the veteran is employed. In support of his argument, he explains that there is a shift in terminology within the regulation, specifically that, although the first sentence provides that a total disability rating may be assigned when the veteran is "unable to secure or follow a substantially gainful *occupation*," the regulation later identifies "marginal employment" as an example of what is not "substantially gainful *employment*." 38 C.F.R. § 4.16(a) (emphases added). The Secretary contends that such shift in terminology requires VA to consider the issue of marginal employment *only* when the evidence demonstrates that the veteran is employed.

At the outset, the Court discerns, and the Secretary proffers, no meaningful difference between the terms "substantially gainful occupation" and "substantially gainful employment" as they

---

[3] Here, it is undisputed, and the Board found, that Mr. Ortiz-Valles meets the percentage requirements set forth in § 4.16(a). *See* R. at 8. Thus, the only remaining question is whether he is unable to secure or follow a substantially gainful occupation as a result of his service-connected disabilities.

are used in § 4.16. Rather, when reading the regulation as a whole, it is clear that substantially gainful *employment* is synonymous with substantially gainful *occupation*. *See* ROGET'S II THE NEW THESAURUS 683 (3d ed. 1995) (identifying "employment" as a synonym of "occupation").

Next, the Secretary points out that the definition of marginal employment references "earned annual income," which he argues necessarily means that a veteran must be employed, otherwise there would be no earned income. The Court disagrees.

The Secretary's interpretation of § 4.16(a) is supported by the plain meaning rule *only if* the definition of marginal employment is read in isolation. The law, however, forbids such a narrow focus; regulations, like statutes, must be considered as a whole. *See Gazelle v. McDonald*, 27 Vet.App. 461, 464 (2016) ("[S]tatutes must be considered as a whole and in the context of the surrounding statutory scheme."). Further, the Supreme Court has cautioned "over and over again" that, "[i]n expounding a statute, we must not be guided by a single sentence or member of a sentence, but [should] look to the provisions of the whole law, and to its object and policy." *United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (quoting *United States v. Heirs of Boisdore*, 49 U.S. (8 How.) 113, 122, (1849)).

Contrary to the Secretary's assertions, the clear language of § 4.16(a) does not differentiate between employed and unemployed veterans in terms of the eligibility requirements for a total disability rating based on individual unemployability. As the regulation states, a total disability rating based on individual unemployability is warranted if a veteran is unable to secure or follow a substantially gainful occupation. Although the regulation does not separately define substantially gainful occupation, the regulation provides that "marginal employment shall not be considered substantially gainful employment." 38 C.F.R. § 4.16(a). Because, as stated above, the regulation does not distinguish between a "substantially gainful occupation" and "substantially gainful employment," the only logical reading of the regulation compels the conclusion that a veteran might be found unable to secure or follow a substantially gainful occupation when the evidence demonstrates that he or she cannot secure or follow an occupation capable of producing income that is more than marginal– i.e., with income that exceeds the amount published by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. The Court is not persuaded that the regulation's reference to a veteran's earned annual income as a guide for

6

determining whether a veteran is engaged in marginal employment serves to limit VA's duty to consider the issue when a veteran is unemployed. There is no language in the regulation that limits VA's obligation to evaluate evidence suggesting that a veteran is capable of securing or following only marginal employment to cases of employed veterans. The Secretary cannot simply add restrictions to a regulation where they do not exist. It is clear that the language of § 4.16(a) focuses on a veteran's capabilities and not his current employment status.

In sum, the Court holds that the plain meaning of § 4.16(a) does not permit VA to limit consideration of marginal employment to only currently employed veterans. By defining "marginal employment" as an example of what is not substantially gainful employment, the regulation makes clear that marginal employment might be considered as part of an assessment of whether a veteran is capable of securing or following a substantially gainful occupation. Hence, when the facts of the case reasonably raise the issue of whether the veteran's ability to work might be limited to marginal employment, the Board's statement of reasons or bases must address this issue and, when appropriate, explain why the evidence does not demonstrate that the veteran is incapable of more than marginal employment. *See generally Robinson v. Peake*, 21 Vet.App. 545, 552-56 (2008) (discussing the Board's duty to address all the issues reasonably raised by the appellant or by the contents of the record), *aff'd sub nom. Robinson v. Shinskei*, 557 F.3d 1355 (Fed. Cir. 2009).

Section 4.16(a) sets forth that a veteran can establish marginal employment either by demonstrating an income less than the poverty threshold established by the U.S. Census Bureau or by the facts of his particular case. Thus, if the evidence or facts reflect that a veteran is capable only of marginal employment, he is incapable of securing or following a substantially gainful occupation and is therefore entitled to a total disability rating based on individual unemployability if his service-connected disabilities are the cause of that incapability.

## B. Application

Here, after summarizing the evidence of record, the Board placed great probative weight on the May 2012 VA examinations. The Board also acknowledged that Social Security Administration documents of record reflect that Mr. Ortiz-Valles "retired from employment as a bank teller in approximately 1998 due in part to his severe depression, which is not a service-connected disability." R. at 12. Additionally, the Board considered Mr. Ortiz-Valles's lay statements. The Board then

7

conceded that Mr. Ortiz-Valles's disabilities are limiting, but concluded that "the evidence of record does not show that [he] is unable to secure or follow a substantially gainful occupation consistent with his work experience solely due to his service-connected disabilities." *Id.*

The Board did not expressly consider whether any employment Mr. Ortiz-Valles could secure would be "substantially gainful." 38 C.F.R. § 4.16(a). The evidence of record–namely the May 2012 VA examinations on which the Board relied to deny entitlement to a total disability rating based on individual unemployability–reflects that Mr. Ortiz-Valles's service-connected vertigo requires that he work in a "semi-sedentary or light [duty position] like recep[t]ionist, clerk, if he so chooses," R. at 538, and that his service-connected back condition limits his ability to participate in "a regular active type of job, but not from a sedentary type job, w[h]ere he could perform different activities from a sitting position, at least [in] a part-time job." R. at 526. The Board's failure to consider whether Mr. Ortiz-Valles is capable of more than marginal employment in light of this evidence renders its statement of reasons or bases inadequate and remand is warranted. *See* 38 U.S.C. §7104(d)(1).

On remand, the Board must reconsider the evidence and expressly state whether Mr. Ortiz-Valles would be able to obtain or maintain *a substantially gainful occupation*–or, put another way, whether Mr. Ortiz-Valles is capable of more than marginal employment. Any conclusion must be adequately explained. *See id.*

On remand, Mr. Ortiz-Valles is free to submit additional evidence and argument in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). "A remand is meant to entail a critical examination of the justification for the decision" by the Board. *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). In addition, the Board shall proceed expeditiously, in accordance with 38 U.S.C. § 7112 (expedited treatment of remanded claims).

## C. Other Matters

To the extent that the parties extend an invitation to the Court to define the term "substantially gainful occupation," the Court declines to do so without first allowing VA to take a position on the matter. It is VA's responsibility to define the terms contained within its regulations,

and the Court encourages it to do so.[4] *See* VA Gen. Coun. Memo. (April 14, 1992) (recommending clarification to proposed changes to § 4.16(b), including a proposed definition of "substantially gainful employment").

## III. CONCLUSION

Upon consideration of the foregoing, the June 26, 2014, Board decision is VACATED, and the matter is REMANDED for readjudication consistent with this decision.

---

[4] Nearly 15 years ago, in *Ferraro v. Derwinski*, the Court first urged the Secretary to establish a clear definition for substantially gainful employment or substantially gainful occupation, which "would be helpful, not only as an aid to veterans, but also as an aid to VA decision-makers and this Court." 1 Vet.App. 326, 332-33 (1991); *see also Moore v. Derwinski*, 1 Vet.App. 356, 358-59 (1991). Six years ago, the Secretary's inaction compelled the Court to articulate a definition in *Faust v. West*, which it limited to the facts of that case:

> [W]here the veteran became employed . . . at a substantially gainful occupation–i.e., one that provides annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that the veteran actually works and without regard to the veteran's earned annual income prior to his having been awarded a 100% rating based on individual unemployability–such employment constitutes, as a matter of law, a substantially gainful occupation and thus "actual employability."

13 Vet.App. 342, 355-56 (2000).