http://www.va.gov/vetapp16/Files3/1626433.txt

Citation Nr: 1626433 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 10-19 243 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon

THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).

REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs

ATTORNEY FOR THE BOARD

C. Bosely, Counsel

INTRODUCTION

The Veteran served on active duty from February 1971 to February 1973.

This appeal comes before the Board of Veterans' Appeals (Board) from an April 2009 rating decision by the Portland, Oregon Regional Office (RO) of the United States Department of Veterans Affairs (VA). 

In October 2012, the Board remanded the appeal for additional development. In October 2013, the Board denied (1) an increased disability rating for right long finger extensor tendon laceration and (2) an initial compensable disability rating for a right hand scar associated with laceration of the right long finger extensor tendon. At that time, the Board also remanded the TDIU claim for additional development and consideration.

In the Board's October 2013 decision, the issue of service connection for a right wrist disability, raised as secondary to his service-connected right long finger disability, was referred to the RO for appropriate action. It must be again referred for all appropriate action. 

FINDINGS OF FACT

1. The Veteran is service connected for two disabilities involving the right middle finger, which result in a combined 10 percent disability rating. 
 
2. The Veteran owned and operated an automotive repair and parts store until he sold the business in September 2014. 
 
3. The evidence does not show that the Veteran is precluded from more than marginal employment in all types of physical or sedentary employment, which would be consistent with his employment history and educational and vocational attainment, due solely to his service-connected right middle finger disabilities. 

CONCLUSION OF LAW

The criteria for a TDIU are not met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 4.16 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

A. Duty to Notify

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2015).

A standard August 2014 letter satisfied the duty to notify provisions, which was provided pursuant to the Board's October 2013 remand.

B. Duty to Assist

VA also has a duty to provide assistance to substantiate a claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c).

The Veteran's service treatment records have been obtained. The post-service VA records that were sufficiently identified have also been obtained. Private records were not obtained. In October 2014, the Veteran submitted an incomplete authorization form regarding upcoming treatment with a private provider later that month. He then submitted a form indicating that he would be submitting a copy of this upcoming appointment. Two days later, the RO sent him a letter informing him that he needed to provide authorization for VA to obtain any private medical records on his behalf. The Veteran did not then submit the medical report or a completed authorization form allowing VA to obtain it. Thus, the Board must conclude that the Veteran does not wish for that evidence to be made a part of the record. See 38 C.F.R. § 3.159(c)(1) (the claimant must cooperate fully with VA's efforts to obtain private treatment records and provide a release to authorize the record request as necessary). Therefore, there is no reasonable basis for remanding the matter to attempt to obtain the private medical record. 

The Veteran was provided VA medical examinations in April 2009 and February 2013 to evaluate the severity of his service-connected right middle finger disabilities. He was provided another VA examination in March 2015 in connection with the TDIU claim pursuant to the Board's remand. The examinations, along with the VA medical records and lay statements, are sufficient evidence for deciding the claim. The reports are adequate as they were based upon consideration of the Veteran's prior medical history and examinations, describe the disability in sufficient detail so that the Board's evaluation is a fully informed one, and contain a reasoned explanation. Moreover, the examiner provided a full description of the effects of the disabilities upon the Veteran's ordinary activity. See Floore v. Shinseki, 26 Vet. App. 376, 381 (2013). Thus, VA's duty to assist has been met.

II. Analysis

In this case, the Board found that the record raised the issue of whether the Veteran is precluded from substantially gainful employment due to his service-connected right middle finger disabilities. In his subsequent application for benefits, the Veteran indicated that he can no longer work in his prior capacity as a mechanic.

A. Applicable Law

Under the applicable criteria, total disability ratings based on individual unemployability may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more service-connected disabilities, provided that one of those disabilities is ratable 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 4.16(a). For the purpose of meeting these schedular criteria, disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable; disabilities resulting from common etiology or a single accident; disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric; and multiple injuries incurred in action, will be considered as one disability. Id. 

Thus, full consideration must be given to "the effect of combinations of disability," as directed by 38 C.F.R. § 4.15. Accordingly, the aggregate effect of multiple service-connected disabilities must be addressed. Geib v. Shinseki, 733 F.3d 1350, 1353-54 (Fed. Cir. 2013); Floore, 26 Vet. App. at 376. Unlike the percentage ratings in part 4 of title 38 of the Code of Federal Regulations, which are based on the average impairment in earning capacity caused by the service-connected disability, entitlement to TDIU is based on an individual's particular circumstances. 

It is also the established policy of the Department of Veterans Affairs that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Therefore, rating boards should submit to the Director, Compensation Service, for extra-schedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in paragraph (a) of this section. The rating board will include a full statement as to the veteran's service-connected disabilities, employment history, educational and vocational attainment and all other factors having a bearing on the issue. 38 C.F.R. § 4.16(b). The Board is required to obtain the Director's decision before it may award extraschedular TDIU. Wages v. McDonald, 27 Vet. App. 233, 236 (2015).

A personalized and individualized assessment must be made on the basis of medical and nonmedical evidence. Todd v. McDonald, 27 Vet. App. 79 (2014). The responsibility for making the ultimate TDIU determination is placed on the adjudicator and not a medical examiner. Geib, 733 F.3d at 1354; Floore, 26 Vet. App. at 381. In doing so, the Board must consider the evidence and expressly state whether the Veteran would be able to obtain or maintain a substantially gainful occupation-or, put another way, whether the Veteran is capable of more than marginal employment. Ortiz-Valles v. McDonald, No. 14-2540, 2016 WL 2963911, at *6 (Vet. App. May 20, 2016). 

B. Discussion

In this case, the appeal must be denied. 

Schedular TDIU

First, the Board must deny entitlement to a TDIU under § 4.16(a). The Veteran is service connected for two disabilities: (1) post operative status, repair, laceration, extensor tendon, right middle finger with weakness and limitation of extension, rated as 10 percent throughout the appeal period; and (2) right hand scar associated with post operative status, repair, laceration, extensor tendon, right middle finger with weakness and limitation of extension, rated as noncompensable throughout the appeal period. As these two disabilities arise from a common etiology, they are to be considered as one disability. See 38 C.F.R. § 4.16(a).

The combined rating is 10 percent. See 38 C.F.R. § 4.25, 4.71a, Evaluation of Ankylosis or Limitation of Motion of Single or Multiple Digits of the Hand, Note (5). This single 10 percent rating is less than 60 percent. Thus, a schedular TDIU under § 4.16(a) cannot be assigned. 

Extraschedular TDIU

The Board also finds that referral for extraschedular consideration is not warranted as the evidence does not show that the Veteran is unable to secure and follow a substantially gainful occupation by reason of his service-connected right middle finger disabilities. See 38 C.F.R. § 4.16(b).

Specifically, the evidence shows that the combined effect of the Veteran's disability impacted him while he was still working as a mechanic until August 2014, but did not (and do not) preclude him from substantial gainful employment in that capacity after that time. 

He wrote in a September 2014 VA Form 21-8940 that he last worked full time in August 2014. He also checked the "YES" box where asked if he left his job due to his disability. Where asked to identify the service-connected disability(ies) that prevent employment, he wrote in a question mark. In the remarks section of the form, he wrote: "I was self employed. Didn't want to sell my (give) business but with my hand giving me trouble I didn't have a choice." On an attached page, he reiterated that he had sold his business. 

Prior to when he stopped working in August 2014, he underwent a VA examination in February 2013. This VA examiner found that the disorder adversely affected the Veteran's "ability to work [.]" He was still working at that time as the owner and operator of an automotive repair and parts store, and he had found that he had to use his left hand more. It took longer for him to do things, and there were some things he could no longer do, such as fine motor work on the cars he fixed. He had given up some of these jobs because it took him too long to complete the work.

In March 2015, he underwent a VA examination in connection with the TDIU claim. This VA examiner noted the Veteran's complaints of daily pain, weakness, stiffness. The Veteran also reported that he could not rely on the hand due to losing his grip too easily. The VA examiner found that the right long finger only "slightly" moved with the other digits of hand. With regard to the functional impact of this disability, the VA examiner reiterated that the Veteran had trouble with grasping and fine manipulation using his right hand. His long finger had little to no movement and the surrounding fingers exhibited loss of movement and painful movement. With regard to employment, the VA examiner noted that the Veteran had to retire due to a "very difficult time" with fine dexterity. 

Collectively, this evidence shows that the Veteran's right middle finger disability affected him at his work as a mechanic. His hand slowed him down as it was "giving [him] trouble." He was no longer able to do all the prior detailed work he had previously done. Despite these limitations, this evidence does not indicate that the Veteran could not do such work at a more than marginal level because he was able to work as a mechanic even if not at his prior pace. 

Even if not working directly as a mechanic, this evidence indicates that the Veteran could continue to utilize his past knowledge as a mechanic in other sedentary positions, such as in an automotive parts store, where manual dexterity of his right middle finger would not substantially interfere with his work. Therefore, it cannot be found that the Veteran is precluded from more than marginal employment in all types of employment, either physical or sedentary, which would be consistent with his employment history and educational and vocational attainment. See 38 C.F.R. § 4.16(b); Ortiz-Valles, 2016 WL 2963911, at *6. 

At this point, the Board is mindful that an additional claim of service connection (for a right wrist disability) has been raised by the record. That issue is has been referred to the RO in the introduction section of this decision. Should that claim subsequently be granted, the Veteran is free to re-file his TDIU claim. At that time, the merits of the claim may be re-visited based on the impact of all his disabilities. 

In conclusion, the Board finds that the preponderance of the evidence is against the claim as the evidence does not show that he is unable to secure and follow a substantially gainful occupation by reason of his service-connected right middle finger disabilities consistent with his employment history, educational and vocational attainment and all other factors. See 38 C.F.R. § 4.16. As such, the benefit-of-the-doubt doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. In light of the forgoing, referral for extraschedular consideration of a TDIU is not substantiated, and the appeal is denied. 

 (CONTINUED ON NEXT PAGE)

ORDER

A TDIU is denied.

____________________________________________
RYAN T. KESSEL 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs