﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 191108-43124
DATE: June 16, 2020

ORDER

Entitlement to an effective date of January 1, 2012, but no earlier, for the grant of a total disability individual unemployability (TDIU) is granted.

FINDING OF FACT

Beginning on January 1, 2012, the Veteran’s service-connected PTSD has precluded securing or following a substantially gainful occupation, and any subsequent employment was marginal.

CONCLUSION OF LAW

Beginning on January 1, 2012, but no earlier, the criteria for a TDIU have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1990 to September 1990 and from October 1991 to October 1993.

This matter comes before the Board on appeal from an October 2019 rating decision. 

Entitlement to an earlier effective date for the grant of a TDIU

A November 2016 rating increased the Veteran’s disability rating for service-connected post-traumatic stress disorder (PTSD) to 70 percent effective December 10, 2009. 

That same rating decision granted a TDIU effective July 16, 2015. 

A TDIU may be assigned, where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as the result of service-connected disabilities. See 38 U.S.C. § 1155; 38 C.F.R. § 4.16. If the schedular rating is less than total, a total disability evaluation can be assigned based on individual unemployability if the veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disability rated at 60 percent or higher; or two service-connected disabilities, with one disability rated at 40 percent or higher and the combined rating is 70 percent or higher. 38 C.F.R. § 4.16 (a).

In determining whether a veteran can secure and follow a substantially gainful occupation, attention must be given to: the veteran’s history, education, skill, and training; whether the veteran has the physical ability to perform the type of activities required by the occupation at issue; and whether the veteran has the mental ability to perform the activities required by the occupation at issue. Ray v. Wilkie, 31 Vet. App. 58, 73 (2019).

The Veteran meets the schedular requirements for a TDIU from December 10, 2009. From that date, the Veteran’s service-connected acquired psychiatric disorder is now rated at 70 percent disabling. As such, he meets the threshold schedular requirement for an award of TDIU benefits under 38 C.F.R. § 4.16 (a).

The November 2016 rating decision assigned an effective date for the grant of TDIU of July 16, 2015, the date of a VA mental health examination which found the Veteran was not capable of gainful employment. The rating decision indicated that an earlier effective date may be available, but that additional information was required about the Veteran’s income from 2010-2014 in light of information that the Veteran worked as substitute teacher and work at a casino.

Income documentation was received in June 2017, consisting of income tax returns and W2 forms. The earnings information provided by the Veteran shows that his yearly total earnings were approximately $1138 in 2012, $3380 in 2013, $6282 in 2014 and $5582 in 2015. 

While the Veteran’s economic situation is unclear prior to January 1, 2012, records show that while the Veteran has worked on a part time basis since January 1, 2012, he has consistently had earnings less than the poverty threshold available at https://www.census.gov/data/tables/time-series/demo/income-poverty/historical-poverty-thresholds.html.

Marginal employment is not considered substantially gainful employment and is deemed to exist when a veteran’s earned annual income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Marginal employment also may be held to exist on a facts-found basis when earned annual income exceeds the poverty threshold. Such situations may include, but are not limited to, employment in a protected environment such as a family business or sheltered workshop. 38 C.F.R. § 4.16 (a); see Ortiz-Valles v. McDonald, 28 Vet. App. 65 (2016); Cantrell v. Shulkin, 28 Vet. App. 382 (2017).

The Veteran has experience working as a funeral director/embalmer, security guard and substitute teacher. He has completed two years of college and has training as a funeral director. However, statements from the Veteran and his spouse, corroborated by reports to treating providers, describe the Veteran’s difficulty with maintaining employment and the mental drain that a full-time position causes the Veteran. 

Given the above, the evidence is at least in equipoise as to whether the Veteran’s service-connected PTSD prevented him from working in substantially gainful employment since January 1, 2012. Prior to that time, the Veteran’s employment cannot be considered “marginal” based on the record, nor is there a basis for some form of extraschedular basis that the Board can find based on a detailed review of this record. While the Veteran’s PTSD was clearly a problem prior to 2012 (this problem is basis of the 70 percent finding prior to 2012), it cannot be said that he was unemployable prior to this time, based on this record. 

As the Veteran has held only marginal employment during that period, entitlement to TDIU is granted since January 1, 2012, but not earlier. 38 U.S.C. §§ 1155, 5107(b).

 

John J. Crowley

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board V. Woehlke

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.