Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 201009-112913
DATE: July 14, 2021

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) due to a combination of service-connected disabilities is granted from September 10, 2019 through March 26, 2020, subject to the law and regulations governing the payment of monetary benefits.

Entitlement to a TDIU solely due to service-connected major depressive disorder with unspecified anxiety disorder and alcohol use disorder, is granted from March 27, 2020, subject to the law and regulations governing the payment of monetary benefits.

Entitlement to special monthly compensation (SMC) at the housebound rate is granted effective from March 27, 2020, subject to the laws and regulations governing the payment of monetary benefits.

FINDINGS OF FACT

1. The most probative evidence of record establishes that the Veteran was no longer employed full-time as of September 10, 2019.

2. The most probative evidence of record establishes that it is at least as likely as not "factually ascertainable" that, from September 10, 2019 through March 26, 2020, the Veteran's service-connected disabilities, considered in combination, were productive of functional impairment which precluded substantially gainful employment consistent with his high school education and occupational experience in customer service.

3. The most probative evidence of record establishes that it is at least as likely as not that, from March 27, 2020, and no earlier the Veteran's service-connected major depressive disorder with unspecified anxiety disorder and alcohol use disorder, was productive of functional impairment which precluded substantially gainful employment consistent with his high school education and occupational experience in customer service.

4. Effective from March 27, 2020, the Veteran has a single service-connected disability of major depressive disorder with unspecified anxiety disorder and alcohol use disorder which qualifies as a 100 percent rating (based on the award of TDIU herein); he also has a rating of 60 percent for atypical dermatitis.

CONCLUSIONS OF LAW

1. The criteria for a TDIU due to a combination of service-connected disabilities have been met for the period on appeal from September 10, 2019 through March 26, 2020. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16.

2. The criteria for a TDIU solely due to service-connected major depressive disorder with unspecified anxiety disorder and alcohol use disorder have been met for the period on appeal from March 27, 2020. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16.

3. The criteria for SMC at the housebound rate have been met for the period on appeal from March 27, 2020. 38 U.S.C. § 1114 (s)(1); 38 C.F.R. § 3.350.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from August 1989 to March 1996.

The August 2020 rating decision on appeal was issued on August 24, 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In the October 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the Veteran elected the Hearing option.

In July 2021, the Veteran presented testimony at a Board hearing before the undersigned Veterans Law Judge. During the hearing, the Veteran also waived the 90-day window for the submission of evidence following his hearing. 38 C.F.R. § 20.300(b). Further, although VA was unable to produce a written transcript of the Board hearing due to technical difficulties, there is no prejudice to the Veteran in the Board proceeding with adjudication of this appeal as the claim for a TDIU, as well as a claim for SMC, are granted to the full extent allowed under the law.

1. Entitlement a TDIU

The Veteran contends entitlement to a TDIU is warranted. Specifically, in an October 2020 NOD the Veteran argued the explanation for the increase in compensation benefits for his service-connected acquired psychiatric disorder, from 50 percent to 70 percent (as granted in the August 2020 rating decision on appeal) was inconsistent with a finding that he was able to engage in a substantially gainful occupation. The August 2020 rating decision on appeal provided favorable findings that the Veteran last worked on September 9, 2019 and that he currently met the schedular criteria for TDIU with a combined disability rating of 90 percent and with one disability rated at 70 percent.

A total disability rating may be assigned, where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as the result of service-connected disabilities. See 38 U.S.C. § 1155; 38 C.F.R. § 4.16. Consideration may be given to a veteran's level of education, special training, and previous work experience in arriving at a conclusion, but not to his age or the impairment caused by any nonservice-connected disabilities. See 38 C.F.R. §§ 4.16, 4.19. To meet the schedular requirements, there must be one disability ratable at 60 percent or more, or, if more than one disability, at least one disability ratable at 40 percent or more and a combined disability rating of 70 percent. 38 C.F.R. § 4.16 (a). If a veteran fails to meet the threshold minimum percentage standards enunciated in 38 C.F.R. § 4.16 (a), rating boards should refer to the Director, Compensation Service, for extraschedular consideration all cases where the veteran is unable to secure or follow a substantially gainful occupation by reason of service-connected disability. 38 C.F.R. § 4.16 (b).

The United States Court of Appeals for Veterans Claims (Court) interpreted "unable to secure and follow a substantially gainful occupation" under 38 C.F.R. § 4.16 (b) and also noted 38 C.F.R. § 4.16 uses the phrases "substantially gainful employment" and "substantially gainful occupation" and found these phrases were synonymous. Ray v. Wilkie, 31 Vet. App. 58, 62 (2019) (footnote 4, citing Ortiz-Valles v. McDonald, 28 Vet. App. 65, 70 (2016)). The Board notes that 38 C.F.R. § 4.16 (a) requires a Veteran to be unable to secure or follow a substantially gainful occupation, rather than secure and follow it, but finds the Court's analysis in Ray is applicable to the Board's analysis here. Thus, the phrase unable to secure or follow a substantially gainful occupation contains both economic and noneconomic components. Id. The economic component means an occupation earning more than marginal income (outside of a protected environment) as determined by the U.S. Department of Commerce as the poverty threshold for one person. Id. The non-economic component includes consideration of the veteran's history, education, skill, and training, consideration of the veteran's physical ability with possible relevant factors including the veteran's limitations as to lifting, bending, sitting, standing, walking, climbing, grasping, typing, and reaching, as well as audio and visual limitations, and consideration of the veteran's mental ability, including his limitations as to memory, concentration, ability to adapt to change, handle workplace stress, get along with coworkers, and demonstrate reliability and productivity. Id. However, these factors are not a checklist, but, rather, discussion of these factors is only necessary when they are raised by the evidence. Id.

Here, a claim for entitlement to a TDIU was received in application for TDIU received by VA on March 27, 2020. Thus, the rating period for consideration on appeal is from March 28, 2019, one year prior to the March 27, 2020 date of receipt of the claim, if it is factually ascertainable that an increase warranting a TDIU occurred during that period. 

During the appeal period at issue, service connection has been established for major depressive disorder with unspecified anxiety disorder and alcohol use disorder, rated as 50 percent disabling effective December 18, 2014 and 70 percent from March 27, 2020; atypical dermatitis associated with hypertension, rated as 50 percent disabling effective December 18, 2014; facial scars, rated as 30 percent disabling from October 21, 2010; mild restrictive lung disease, rated noncompensable from April 1, 1996; and hypertension, rated as 10 percent disabling from November 7, 2005 (the reduction rating effectuated on March 16, 2021 was restored in a separate Board decision). During the pendency of the claim for TDIU, the Veteran's combined disability rating was 90 percent from December 18, 2014.

Thus, as indicated above, during the entire appeal period at issue, the Veteran met the requirement that at least one disability must be rated at 40 percent, as major depressive disorder, with unspecified anxiety disorder and alcohol use disorder, was rated as 50 percent prior to March 27, 2020, and 70 percent thereafter, and he also had sufficient additional disability for a combined rating to 70 percent or more, pursuant to 38 C.F.R. § 4.16 (a) based on a combination of service-connected disabilities. Also, on March 27, 2020, the Veteran met the schedular criteria for TDIU when considering his major depressive disorder with unspecified anxiety disorder and alcohol use disorder alone.

After careful consideration, the most probative evidence of record demonstrates the Veteran was prevented from securing or following a substantially gainful occupation due to his service-connected major depressive disorder with unspecified anxiety disorder and alcohol use disorder alone from March 27, 2020. It is also factually ascertainable that a combination of the Veteran's service-connected disabilities prevented him from securing or following a substantially gainful occupation from September 10, 2019 through March 26, 2020.

In regard to the Veteran's employment history, in a March 2020 VA Form 21-8940, Veteran's Application for Increased Compensation Based on Individual Unemployability, the Veteran reported he last worked for a wireless network operator as a customer service advocate from July 1997 to September 2019. He also reported he last worked full-time and he became too disabled to work in September 2019. A July 2020 VA examiner also found the Veteran had worked for one company for 22 years but left his job after his mother passed away last September. 

The Veteran testified that he stopped work for various reasons including anxiety and depression. He testified that he lives alone and he mostly stays home. He also testified that as a result of his service-connected hypertension medication, he uses the bathroom frequently and that his service-connected skin condition impacts his functioning. 

In terms of the Veteran's education, in a March 2020 VA Form 21-8940, the Veteran reported four years of high school education. A July 2020 VA examiner also found the Veteran did not have any education after his service. 

As discussed above, from March 27, 2020, which is also the date of the claim, the Veteran met the schedular criteria for TDIU when considering his major depressive disorder with unspecified anxiety disorder and alcohol use disorder alone. In terms of the Veteran's service-connected major depressive disorder with unspecified anxiety disorder and alcohol use disorder during this period, a July 2020 VA examiner found the Veteran's level of occupational and social impairment with regard to all mental diagnoses was best summarized as occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking and/or mood. The July 2020 VA examiner also found, as to the issue of TDIU, the Veteran's service-connected psychiatric disorder would result in difficulty maintaining concentration and focusing on work over a period of time, that he would tend to skip from one task to another without completing the prior task, that his sleep would be so disrupted that he would be usually fatigued at work, making concentration and focus on work assignments difficult, and that he was so depressed that he would have difficulty sustaining energy and motivation to complete assignments at work.

The Board concludes that the totality of the evidence of record is at least in equipoise, and with resolution of doubt in the Veteran's favor, is sufficient to establish that the Veteran is unable to follow a substantially gainful occupation consistent with his education and occupational history due to his service-connected major depressive disorder with unspecified anxiety disorder and alcohol use disorder alone from March 27, 2020. See Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013). Specifically, the evidence during this period reflects the Veteran's service-connected major depressive disorder with unspecified anxiety disorder and alcohol use disorder would interfere with the type of regular duties central to many types of employment such as completing tasks and work assignments. Further, the July 2020 VA examiner's specific finding, that the Veteran's sleep was so disrupted that he would be usually fatigued at work, would interfere with most all types of employment. Thus, for these reasons, the Board finds entitlement to a TDIU solely due to service-connected major depressive disorder with unspecified anxiety disorder and alcohol use disorder, is warranted from March 27, 2020.

Further, the Board determines that the evidence demonstrates that it is at least as likely as not factually ascertainable that the criteria for a TDIU were met due to a combination of the Veteran's service-connected disabilities from September 10, 2019 through March 26, 2020. In this regard, the Board finds the Veteran was unemployed on September 10, 2019, as the date of September 9, 2019 was identified by the Veteran, in the March 2020 VA Form 21-8940, as his last date of employment. While the record does not clearly indicate when the Veteran was last paid by his employer, as there is some reference to the Family and Medical Leave Act and an appeal regarding paid leave, the Board will resolve reasonable doubt in his favor and find his March 2020 VA Form 21-8940 to be probative evidence of the date he was last employed. Thus, the Board finds that September 10, 2019 is the first date of record upon which the Veteran could be shown to be unemployable, as the most probative evidence reflects he was employed prior to that date, specifically on September 9, 2019. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

The evidence of record also reflects it is factually ascertainable the Veteran experienced an increase in his service-connected psychiatric symptoms in September 2019 which affected his employment. Specifically, the July 2020 VA examiner noted the Veteran left his long term job after his mother passed away last September. Similarly, a September 2019 VA treatment record documented, in part, the Veteran was struggling with the recent passing of his sister as well the anniversaries of the passing of his mother and brother and all of these events weighed on him significantly and further contributed to his mood symptoms. A February 2020 VA treatment record documented, in part, the Veteran noted worsening affective symptoms which he attributed to psychosocial stressors, most notable being his continued absence from work and disability efforts as his appeal for continued leave with pay was declined, and that this stress had led to a further worsening of his symptomology. The February 2020 VA treatment record also noted the Veteran expressed uncertainty as to whether he could return to work even with accommodations and was considering possible alternative options of employment. A March 24, 2020 VA treatment record documented the Veteran reported residual symptoms of depression and anxiety in the context of psychosocial stressors including his mother's passing six months ago, and continued employment and/or disability concerns.

Also, as to the Veteran's other service-connected disabilities, during the appeal period prior to March 26, 2020, an April 2019 VA examiner documented the Veteran reported, as to his service-connected atypical dermatitis that in the summertime, his face severely broke out and he did not want to be around anyone until it healed. 

Although the Veteran's service-connected disabilities have been shown to have impacted his employment prior to September 10, 2019, the evidence does not show that he was unemployable prior to September 10, 2019, as discussed above, the probative evidence record reflects he was gainfully employed until September 9, 2019. Further, the evidence of record does not reflect the Veteran's employment prior to September 10, 2019 consisted of marginal employment on an objective basis. Specifically, in his March 2020, VA Form 21-8940, the Veteran reported from July 1997 to September 2019 he worked 40 hours a week, with highest gross earnings of $2,109.00 per month. 

Thus, the preponderance of the evidence is against a finding that the Veteran was precluded from substantially gainful employment as a result of his service-connected disabilities prior to September 10, 2019. Accordingly, entitlement to a TDIU prior to September 10, 2019 is denied. However, entitlement to a TDIU due to a combination of service-connected disabilities is granted from September 10, 2019 through March 26, 2020, and a TDIU solely due to service-connected major depressive disorder with unspecified anxiety disorder and alcohol use disorder, is granted from March 27, 2020.

2. Entitlement to SMC at the housebound rate

The Board has included the issue of entitlement to SMC at the housebound rate, sua sponte, in light of the above grant of TDIU based major depressive disorder, with unspecified anxiety disorder and alcohol use disorder, effective from March 27, 2020. Further, as the Board is granting entitlement SMC in full, there is no prejudice to the Veteran in adjudicating this issue even though it has not been considered by the AOJ in the first instance. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993).

SMC at the 38 U.S.C. § 1114 (s) rate is payable where a veteran has a single service-connected disability rated as 100 percent and (1) has additional service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems, or (2) is permanently housebound by reason of service-connected disability or disabilities. 38 U.S.C. § 1114 (s); 38 C.F.R. § 3.350 (i). Where there is no one disability evaluated under the rating schedule as 100 percent disabling, a TDIU due to a single service-connected disability will qualify.

Effective March 27, 2020, the Veteran has a single service-connected disability of major depressive disorder with unspecified anxiety disorder and alcohol use disorder which qualifies as a 100 percent rating (based on the above award of TDIU). He also has additional service-connected disabilities independently ratable at 60 percent, including a rating of 60 percent for atypical dermatitis associated 

 

with hypertension. As such, the criteria for entitlement to SMC at the 38 U.S.C. § 1114 (s) or housebound rate are met, and SMC at the housebound rate is warranted effective March 27, 2020.

 

 

M. C. GRAHAM

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Espinoza, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.